IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CORLES THEODORE NASH, a/k/a CARLOS THEODORE NASH, §§§ | |
| *Plaintiff,* § | |
| v. §§ | Civil Action No. H-18-1360 |
| THE EAGLE NEWSPAPER, *et al.,* §§ | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate, filed this section 1983 complaint alleging violations of his constitutional rights by a newspaper editor, a state prosecutor, and a state trial judge. A prisoner lawsuit brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

Having screened the complaint pursuant to these provisions, the Court **DISMISSES** this lawsuit for the reasons that follow.

### I. Background and Claims

Plaintiff was convicted of assault with a deadly weapon in Brazos County, Texas and sentenced to forty-five years incarceration on March 28, 2018. He complains in this lawsuit that the defendants violated his constitutional rights by publishing, and allowing to be

published, a newspaper article concerning his criminal trial and history. He seeks $45 million in damages.

## II. Analysis

A. <u>Newspaper Editor</u>

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff names as a defendant the editor of The Eagle newspaper. However, section 1983 applies only to state actors and not private citizens. *Thibodeaux v. Bordelon*, 740 F.2d 329, 332–33 (5th Cir. 1984). Plaintiff alleges no facts establishing the editor as a state actor for purposes of section 1983. In complaining that the editor published information regarding his criminal prosecution and history, plaintiff raises no cognizable section 1983 cause of action against the editor.

Plaintiff's claims against the newspaper editor are dismissed with prejudice for failure to state a colorable claim for relief under section 1983.

B. <u>State Prosecutor</u>

Plaintiff claims that the state prosecutor in his case was aware that the editor of The Eagle newspaper had obtained documents or information regarding his criminal case, and

that the information appeared in a newspaper article the day he was convicted and sentenced. Plaintiff complains that the prosecutor did nothing in response to the article, and that the article caused a "tainted trial."

The existence of plaintiff's prosecution, facts regarding his incarceration and criminal history, as well as facts presented by witnesses in open court during plaintiff's trial, are matters of public record. Plaintiff had no constitutional right to privacy regarding these matters. Moreover, plaintiff does not allege that the trial court had issued any orders regarding the media that were breached by the prosecutor. His conclusory claim that the article resulted in a "tainted trial" is not supported by any factual allegations, and no issue of constitutional dimension is raised for purposes of section 1983.

Moreover, plaintiff's claims against the state prosecutor are barred by prosecutorial immunity. "A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.'" *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016). When prosecutors act in their roles as advocates, absolute immunity applies. *Burns v. Reed*, 500 U.S. 478, 487–96 (1991) (holding prosecutor absolutely immune from liability for presenting false statements in a probable cause hearing); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding prosecutor absolutely immune from liability for using false testimony at trial). Absolute immunity applies even when a plaintiff establishes that the prosecutor acted intentionally, in bad faith, or with malice. *Kalina v.*

*Fletcher*, 522 U.S. 118, 124 (1997). Plaintiff alleges no facts showing that the prosecutor's conduct in his case fell outside the scope of absolute prosecutorial immunity.

Plaintiff's claims against the state prosecutor are dismissed with prejudice as barred by prosecutorial immunity.

C.     State Trial Judge

Plaintiff next complains that the state trial judge violated his constitutional rights by taking no action regarding publication of the newspaper article. Plaintiff had no constitutional right to privacy or non-disclosure of information regarding his criminal charges, trial, and criminal history, as these were matters of public record. Nor does plaintiff allege that the state trial judge himself disclosed private, confidential, or false information to the newspaper or its editor. As stated earlier, plaintiff's conclusory claim that the article caused a "tainted trial" is unsupported by factual allegations.

Moreover, it is well established that a judge enjoys absolute immunity for actions taken in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110–11 (5th Cir. 1996). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57 (citation omitted).

Plaintiff's claims against the state trial judge in his criminal case are barred by judicial immunity, and the claims are dismissed with prejudice.

4

D.   *Heck* Bar

Assuming plaintiff had raised viable claims for relief under section 1983, his claims

for monetary damages would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In

*Heck*, the Supreme Court held that,

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that
> relationship to a conviction or sentence that has not been so invalidated is not
> cognizable under § 1983.

512 U.S. at 487. Plaintiff's claim that the defendants' actions caused a "tainted trial" bears

a direct relationship to the validity of his conviction. Consequently, his claims for monetary

damages would be dismissed with prejudice to their being asserted again until the *Heck*

conditions were met.

E.   State Law Claims

Because the Court has dismissed all of plaintiff's claims arising under federal law, it

declines to exercise supplemental jurisdiction over any state law claims plaintiff may have

raised. 28 U.S.C. § 1367(c). Plaintiff's state law claims are **DISMISSED WITHOUT**

**PREJUDICE**.

### III. Conclusion

Plaintiff's claims for relief under section 1983 are **DISMISSED WITH PREJUDICE** for failure to raise a viable section 1983 claim and/or as barred by immunity. Plaintiff's claims arising under state law are **DISMISSED WITHOUT PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk of Court will provide a copy of this order by regular mail or e-mail to the plaintiff and to Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas on the 7th day of May, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE